M. CANDICE BRYNER, STATE BAR NO. 192462
RANDI E. PINCKES, STATE BAR NO. 182377
OUTWATER & PINCKES, LLP
900 Roosevelt
Irvine, California 92620
Telephone: (949) 748-7480
cbryner@oplawyers.com
rpinckes@oplawyers.com

Attorneys for Plaintiffs
Henry George Brennan and Lisa Ann Brennan

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HENRY GEORGE BRENNAN and LISA ANN BRENNAN,<br><br>Debtors<br><br>―――――――――――――――<br><br>HENRY GEORGE BRENNAN and LISA ANN BRENNAN<br><br>Plaintiffs,<br><br>vs.<br><br>DAILY ALJIAN, LLP; REED ALJIAN<br><br>Defendants. | Case No.: 8:24-BK-10717-TA<br><br>Chapter 11<br><br>Adv. Case No.:<br><br>ADVERSARY COMPLAINT FOR LEGAL MALPRACTICE |

Plaintiffs Henry George Brennan and Lisa Ann Brennan alleges as follows:

## CONSENT TO FINAL JUDGMENT

Plaintiffs consent to entry of a final judgment by the Bankruptcy Court.

## STATEMENT OF JURISDICTION AND VENUE

1. This is an adversary proceeding within the meaning of Federal Rules of Bankruptcy Procedure, Rules 7001(2) and (9). This adversary proceeding arises in and relates to the Plaintiff's' Chapter 11 Bankruptcy which was filed in the Central District of California, Santa Ana Division on March 24, 2024, Chapter 11 Case No. 8:24-bk-10717-TA, *In re Brennan* (the "Bankruptcy").

2. This Court has jurisdiction over this adversary proceeding as this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $5,000.

4. Plaintiffs file this complaint pursuant to the provisions of Federal Rule of Bankruptcy Procedure § 7001 and seek to recover money belonging to the state under 11 U.S.C. § 541

## PARTIES

5. Plaintiff Henry George Brennan ("George") is an individual and is a Debtor in the underlying Bankruptcy

6. Plaintiff Lisa Ann Brennan ("Lisa") is an individual and is the Debtor in the underlying Bankruptcy.

7. Plaintiffs are informed and believe, and thereon allege that Defendant Daily Aljian, LLP ("Daily Aljian") is a law firm that is, and at all times relevant herein was, a California limited liability partnership with its principal place of business in Orange County, California.

8. Plaintiffs are informed and believe and thereon allege that Defendant Reed Aljian ("Aljian") is, and at all times relevant herein was, an attorney licensed to practice law in the State of California. Plaintiffs are further informed and believe and thereon allege that Aljian is a partner of Daily Aljian and is a resident of Orange County, California.

## GENERAL FACTUAL ALLEGATIONS

**A.    Background Regarding the Brennans' Dispute with Creditor McClintock in the State Court**

9. As of June 2022, Plaintiffs were defendants in two lawsuits involving the estate of George's life-long friend (now deceased), Robert Alexander McClintock ("Sandy"). Sandy's adoptive son, Creditor Colin McClintock ("McClintock") filed two lawsuits against the Plaintiffs and third-party Doug Butler: one in McClintock's capacity as administrator of Sandy's Estate; the second, in his individual capacity. The cases were consolidated under the case, *McClintock v. Henry George Brennan, et al.*, Los Angeles Superior Court Case No. 19STCV16203 ("McClintock Action"). The dispute arose out of McClintocks' claims that George and Lisa engaged in elder abuse and undue influence over Sandy with respect to Sandy's Estate.

10. More particularly, Sandy had originally designated McClintock as the beneficiary of his term life insurance policy with AAA ("Policy"). However, after Sandy and McClintock's mother divorced, Sandy grew estranged from McClintock.

11. After their "falling out," Sandy no longer wanted to make payments on the Policy for the benefit of McClintock. Sandy told Plaintiffs and Butler that he [Sandy] did not want McClintock to get anything. He instructed Plaintiffs to designate Lisa and Butler as beneficiaries under the Policy and that they should pay the insurance premiums. Sandy told them that if they did not do so, he [Sandy] would allow the Policy to lapse.

12. In November 2016, Lisa followed Sandy's instructions, and Sandy reviewed and executed the change in beneficiary form ("Form") designating Lisa and Butler as beneficiaries. However, approximately one year later, Butler advised Plaintiffs and Sandy that he no longer wished to continue making premium payments on the Policy. Sandy again stated that he did not

want McClintock to get anything and that Lisa should designate herself as the sole beneficiary and continue making payments on the Policy. Otherwise, Sandy would allow the Policy to lapse.

13. Again, Lisa followed Sandy's instructions and designated herself as the sole beneficiary under the Policy. Sandy again reviewed and executed the Form.

14. Sandy passed away on August 18, 2018. McClintock filed the McClintock Action in 2019. McClintock asserted causes of action against Plaintiffs and Butler for negligence, breach of fiduciary duty, financial elder abuse, and unjust enrichment. The elder abuse claim against Lisa was premised on McClintock's contention that Lisa, while acting as Sandy's *care custodian*, "*drafted*" the change in beneficiary Form and designated herself as the beneficiary under the Policy.

15. With respect to George, McClintock contended that George engaged in elder abuse, breached his duty and engaged in elder abuse in connection with the decision to sell certain property of Sandy's Estate while acting under his durable power of attorney.

**B.    Procedural History in the McClintock Action**

16. In or around June 2022, Plaintiffs retained Defendants to represent and defend them in the McClintock Action.

17. Defendants also represented George on his Cross-Complaint against McClintock for indemnity based on an indemnification in the durable power of attorney form that Sandy executed when appointing George as his "attorney-in-fact."

18. At the time, Plaintiffs were unaware that if they proceeded to trial and lost on the elder abuse claim, McClintock would be entitled to recover his attorney's fees. However, if Plaintiffs prevailed, they would be unable to recover their attorney's fees.

19. The case proceeded to a jury trial in Los Angeles in July 2022. The jury returned a full defense verdict on all causes of action against George Brennan and Butler. The jury further found that Lisa did not engage in financial elder abuse while acting in her capacity as a "care custodian" for Sandy.

20. However, with respect to issue of whether Lisa engaged in financial elder abuse by "drafting" the change of beneficiary form, McClintock "hijacked" the case from the jury by filing a Motion for Directed Verdict.

21. In that Motion, McClintock argued that Lisa was supposedly the "drafter" of the change in beneficiary form which made her the sole beneficiary. As the purported "drafter," Probate Code §21380 creates a ***conclusive presumption*** that Lisa engaged in fraud and exerted undue influence over Sandy. Voila! According to McClintock, it was indisputable that Lisa was liable for financial elder abuse. The only issue remaining for the jury to decide was the amount of McClintock's damages.

22. Plaintiffs are informed and believe, and thereon allege that the judge in the McClintock Action was not a probate judge. Rather, she was a judge assigned to handle general civil litigation matters and had no expertise in matters concerning probate law. Likewise, Defendants herein were civil litigation attorneys, and not probate lawyers. Plaintiff is informed and believes, and thereon alleges that Defendants and the Judge mistakenly believed that Plaintiff must be the "drafter" of the change in beneficiary form because Plaintiff wrote in her name as the beneficiary.

23. During the trial, Defendants failed to competently represent Plaintiffs' interests. Among other things, at the hearing on the Motion for Directed Verdict, Defendants simply conceded that Lisa was the "drafter" of the change of beneficiary form. Defendants made no effort to argue or demonstrate that Plaintiff was the "transcriber" within the meaning of the Probate Code, and not the "drafter."

24. With special emphasis on the highlighted terms below, Probate Code § 21380 makes a significantly and critical distinction between a "drafter" and a "transcriber" as follows:

(a) A provision of an instrument making a donative transfer [e.g. a change in beneficiary form on a life insurance policy] ***is presumed to be the product of fraud*** or undue influence [as to]:

(1) The person ***who drafted*** the instrument.

(2) A person ***who transcribed*** the instrument.

5

      (3)    ***A care custodian of a transferor***

(b) The presumption created by this section is a presumption affecting the burden of proof. The presumption ***may be rebutted*** **by proving, *by clear and convincing evidence*, that the donative transfer was not the product of fraud or undue influence.**

(c) Notwithstanding subdivision (b), ***with respect to a donative transfer to the person who*** <u>***drafted***</u> ***the donative instrument [i.e., purportedly Lisa] . . . the presumption created by this section is*** <u>***conclusive***</u>.

25.    As such, the distinction between a "drafter" and a "transcriber" was absolutely critical in the McClintock Action because a person who fills out a donative transfer form making herself a beneficiary ***may be a drafter or a transcriber, depending upon the circumstances***. Moreover, unless the facts are undisputed, the issue of whether the Plaintiff is a "drafter" or a "transcriber" is a factual issue which must be decided by the jury, rather than by way of Motion for Directed Verdict.

26.    Finally, to make matters worse, if the Judge had allowed the issue to be decided by the jury, it is *highly likely* the outcome would be different. Indeed, in the Jury's Special Verdict as to the McClintock Estate's claim against Butler, the jury answered as follows:

> "23.    Has **Lisa Brennan** proven **by clear and convincing evidence** that [Sandy's] signing of the November 11, 2016 change of beneficiary form was ***not the product of undue influence*** exercised over [Sandy]?
>
> Jury's Answer: ***"Yes."***

27.    Further telling, the Jury Verdict was a complete defense verdict on every single issue of liability that was presented to them. *This included the jury's finding in favor of Plaintiff on the claim of elder abuse against her as a "care custodian."* Unfortunately for Plaintiff, the jury was deprived of the opportunity to make a similar finding in her favor on the issue of elder abuse based on her role as the "drafter" of the Form. Based on the Verdict Form presented to them, they had no choice but to simply determine the amount of McClintock's damages.

28. With respect to George's Cross-Complaint for indemnity, the issue was tried separately by the Judge. However, defendants failed to competently represent George, and the Court ultimately ruled that George (although successful in defending against McClintock's frivolous causes of action) was not entitled to recover any of the attorney's fees he paid to Defendants defending himself in the McClintock Action.

**C.    The State Court Judgment and Defendants' Continued Representation**

29. On March 1, 2023, the State Court entered a judgment against Lisa in favor of McClintock in the amount of $263,842.66. Defendants continued to represent Lisa in the McClintock Action by filing a Motion for Judgment Notwithstanding the Verdict which was heard and denied on May 3, 2023. In this Motion, Defendants again never explained the distinction between a "drafter" and a "transcriber" under the Probate Code. Nor did they make any attempt to demonstrate that Lisa was the transcriber, not the drafter.

30. Defendants further continued to represent George in connection with McClintock's efforts to bar George from recovering his costs.

31. On May 8, 2023, Lisa filed an appeal of the McClintock Judgment. The appeal is still currently pending.

32. As of June 2023, Defendants continued to represent Lisa in the McClintock Action and opposed the McClintock's Motion for Attorney's Fees as to Lisa.

33. On July 28, 2023, the McClintock Judgment against Lisa was amended to include attorney's fees, costs and prejudgment interest. Thus, as of July 28, 2023, the total judgment against Lisa was $534,580.98.

34. Defendants continued to represent Plaintiffs in the McClintock Action until January 3, 2024 when the State Court granted Defendants' Motion to Be Relieved as Counsel.

35. In the interim, McClintock recorded Abstracts of Judgment against Lisa in both Orange County and Riverside County where Plaintiff owns real properties.

36. On March 24, 2024, the Brennans filed this Chapter 11 Bankruptcy Petition.

//

//

# FIRST CLAIM FOR RELIEF
# LEGAL MALPRACTICE
(Against All Defendants)

37. Plaintiffs completely and entirely reallege all the preceding facts as though fully set forth herein.

38. The Defendants and each of them had a legal and ethical duty as Plaintiffs' counsel and attorney to competently advocate Plaintiffs' rights.

39. Defendants and each of them failed to comply with their legal and ethical obligations owed to Plaintiffs, including the duty to exercise reasonable care and skill in undertaking to perform legal services for Plaintiffs.

40. Plaintiffs relied upon the expertise and representation of the Defendants and each of them without knowing that the Defendants and each of them would so grossly violate Plaintiffs' rights.

41. Plaintiffs are informed and believe, and thereon allege, that as a result of the Defendants' and each of their reckless, negligent actions and omission in complete and blatant malpractice and disregard for Plaintiffs' rights, Plaintiffs have now been severely harmed insofar as a judgment of $534,580.98 was entered against Lisa which is now a secured Judgment which accrued interest at the rate of 10% per annum until Plaintiff filed for Chapter 11 Bankruptcy.

42. Further, in order to protect her assets and prevent McClintock from foreclosing on her properties, Lisa was forced to file this Chapter 11 Bankruptcy and sell one of her real properties in Riverside County to effectuate her Chapter 11 Bankruptcy Plan.

43. Additionally, Lisa has suffered severe emotional distress as a result of the McClintock Judgment, being forced to file for Bankruptcy, and having to sell her Riverside Property.

44. Additionally, George was damaged as a result of Defendants' negligence and failure to competently represent his interests insofar as he expended over $500,000.00 in legal fees fighting McClintock's frivolous claims against him which he should have been able to recover on his cross-complaint against McClintock for indemnity.

45. Further, Plaintiffs paid approximately $300,000.00 in attorney's fees to the Aljian Firm which failed to competently represent their interests.

46. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in amount according to proof at trial, but which Plaintiff believes to be in excess of $1,000,000.00, and which continues to increase, in an amount according to proof at the time of trial.

WHEREFORE, the Plaintiffs pray that this Court make and enter Judgment as follows:

1. For damages in an amount of at least $1,000,000.00 or according to proof at the time of trial; and

2. For costs of suit incurred; and

3. For all such other relief which is just, equitable and proper.

Dated: April 20, 2024                                   OUTWATER & PINCKES, LLP

*/s/ M. Candice Bryner*
By: M. Candice Bryner
Attorneys for Plaintiffs Lisa Ann Brennan and George Brennan

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Henry George Brennan and Lisa Ann Brennan | **DEFENDANTS** <br> Daily Aljian, LLP and Reed Aljian |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> M. Candice Bryner, State Bar # 192462 <br><br> OUTWATER & PINCKES, LLP <br> 900 Roosevelt, Irvine, CA 92620  (949) 748-7480 | **ATTORNEYS** (If Known) <br> Reed Aljian <br><br> Daily Aljian, LLP |
| **PARTY** (Check One Box Only) <br> ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☒ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for Legal Malpractice

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,000,000.00 |

Other Relief Sought

Declaratory Relief

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Henry George Brennan and Lisa Ann Brennan || BANKRUPTCY CASE NO.<br>8:24-BK-10717-TA |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District || DIVISION OFFICE<br>Santa Ana || NAME OF JUDGE<br>Theodore Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE<br>4/19/2024 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>M. Candice Bryner |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.